UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEJERRY D. POWELL,<br><br>　　Plaintiff,<br><br>v.<br><br>HEIDI WASHINGTON, et al.,<br><br>　　Defendants. | Case No. 22-12091<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT [1]**

While DeJerry Powell was detained at the Genesee County Jail in March 2019, he allegedly suffered a mental health crisis and resulting assault by unidentified deputies for which he was denied adequate medical attention.[1] (ECF No. 1.) He seems to believe this was due to racism and an abuse of power. (*Id.*) So Powell brought this civil rights lawsuit against Michigan Department of Corrections Director Heidi Washington, Parole Judge Edwin M. Heap, Parole Judge Sonia Warchock, and Parole Officer Dawn Brad in their official capacities for alleged violations of his constitutional rights. (*Id.*)

Powell has been granted leave to proceed without prepayment of the filing fee due to his indigence. (ECF Nos. 2, 7.)

---

[1] Powell brought the suit while incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. It appears he was released from custody on January 30, 2023. (ECF No. 11.)

## I.

When a Court grants an application to proceed without prepayment of the filing fee, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Similarly, a complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

And although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-

represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

## II.

The required initial screening of the complaint reveals several fatal deficiencies.

First, Powell sues a number of MDOC officials in what appears to be their official capacities only and seeks monetary damages as relief. (ECF No. 1, PageID.2–3, 8.) Such suits are, effectively, suits against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). But the Eleventh Amendment bars suits against a state unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

Thus, Powell's claims for money damages against MDOC officials in their official capacities must be dismissed.

And even if Powell's allegations were construed against the defendants in their individual capacities they fail to state a plausible claim under 42 U.S.C. § 1983.

The Sixth Circuit has held, "in the context of a civil rights claim, that conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983. 'Some factual basis for such claims must be set forth in the pleadings.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir. 1996) (internal citation omitted). Here, Powell's complaint states nothing more than the barest of conclusory allegations of unspecified abuse of power and withholding of medical attention. *Id*. These allegations are insufficient to state a cognizable constitutional claim. *See Coker v. Summit County Sheriff's Dep't*, 90 F. App'x. 782, 787 (6th Cir. 2003).

Similarly, Powell has not pled what any individual defendant did to violate his constitutional rights. *See Asbury v. Bisig*, 70 F. App'x 247 (6th Cir. 2003) (affirming in forma pauperis screening dismissal of § 1983 complaint for failing to identify defendants or explain their roles and for failing to link the statutory violations to any factual allegations). For example, to the extent he is raising claims of alleged medical indifference, he does not allege any direct involvement by the parole judge and parole officer defendants. Powell also claims injury from an alleged assault but does not name the deputies allegedly involved, nor does he identify any involvement by the named defendants. Yet "a civil rights plaintiff must plead what each Government-official defendant, through the official's own individual actions, did to violate the Constitution." *Iqbal*, 557 U.S. at 676; *see also Gardner v. Evans*, 920 F.3d 1038, 1051

4

(6th Cir. 2019) ("A plaintiff must therefore show how each defendant directly participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." (internal quotation marks omitted)).

In sum, "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrections Corporation of America*, 92 F. App'x 188, 190 (6th Cir. 2004). Thus, Powell's claims will be dismissed.

### III.

Even with the benefit of liberal construction, Powell's allegations are insufficient to state a claim for relief and are barred by sovereign immunity. Accordingly, the Court DISMISSES his complaint (ECF No. 1) without prejudice.

IT IS SO ORDERED.

Dated: June 7, 2023

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE